# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL E. KEELING, #CV0908, | |
| Plaintiff, | CIVIL ACTION NO. 1:18-cv-02195 |
| v. | (KANE, J.) |
| | (SAPORITO, M.J.) |
| MR. JOHN WETZEL, et al., | |
| Defendants. | |

## MEMORANDUM

This prisoner civil rights action was commenced when the plaintiff's *pro se* complaint was received and filed by the Clerk of Court on November 13, 2018. (Doc. 1). The complaint was accompanied by a remittance of the requisite $400 filing and administrative fees. (*See* Doc. 1, at 23).

On November 20, 2018, noting that a summons had not yet been issued to the plaintiff in accordance with Rule 4(b) of the Federal Rules of Civil Procedure, we entered an Order directing the Clerk to issue a summons and provide it to the plaintiff for service of the complaint upon the named defendants. (Doc. 5). The Clerk issued a summons and mailed it and related forms to the plaintiff that same day. (Doc. 6).

On December 12, 2018, we received a letter from the plaintiff expressing his confusion about the procedure for service of original

process. (Doc. 8). The letter suggests that the plaintiff is under the mistaken impression that service of the summons and complaint was to be performed by the United States Marshals Service. (*Id.*). We shall construe this letter as a motion for service by a United States marshal, deputy marshal, or some other person specially appointed by the Court, pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure. *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013) (discussing a court's obligation to liberally construe *pro se* pleadings and other submissions, particularly when dealing with imprisoned *pro se* litigants).

At one time, all process in federal civil litigation was served by the United States Marshals Service. *FROF, Inc. v. Harris*, 695 F. Supp. 827, 828–29 (E.D. Pa. 1988). In its current incarnation, however, Rule 4 has been amended to generally allow service of a summons and complaint by "[a]ny person who is at least 18 years old and not a party" to the litigation. *See* Fed. R. Civ. P. 4(c)(2); *FROF*, 695 F. Supp. at 829. The purpose of this change was "to reduce the burden on the United States Marshal[s] Service of serving civil process in private litigation, without endangering the effective and efficient service of civil process." *See Changes in Federal Summons Service Under Amended Rule 4 of the Federal Rules of Civil*

*Procedure*, 96 F.R.D. 81, 127 (1983) (advisory committee note to proposed Rule 4(c)). Thus, it is now the *plaintiff* who "is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and [who] must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1).

But Rule 4 retains two exceptions under which the United States Marshals Service continues to serve summonses and complaints in civil litigation. First, service by a United States marshal, deputy marshal, or some other person specially appointed by the Court is mandatory in *in forma pauperis* and seamen's suits. Fed. R. Civ. P. 4(c)(3); *see also* 28 U.S.C. § 1915(d); 28 U.S.C. § 1916. Second, at the plaintiff's request, service by a United States marshal, deputy marshal, or some other person specially appointed by the Court may be ordered by the Court at its discretion. Fed. R. Civ. P. 4(c)(3); *see also Koger v. Bryan*, 523 F.3d 789, 803 (7th Cir. 2008).

The plaintiff here is not entitled to service by the United States Marshals Service as a matter of course because he has not been authorized to proceed *in forma pauperis* in this action and this is not a seamen's suit. *See* Fed. R. Civ. P. 4(c)(3); *see also* 28 U.S.C. § 1915(d); 28 U.S.C. § 1916.

Because the plaintiff is not proceeding *in forma pauperis* or as a seaman, the decision falls within the discretion of the Court. *See* Fed. R. Civ. P. 4(c)(3); *see also Koger*, 523 F.3d at 803.

We note that this plaintiff has been supplied with the necessary papers to serve the summons and complaint upon the defendants. He has paid the full $400 filing and administrative fees to commence this suit, and thus he presumably has either the financial resources to retain a private process server or the assistance of family or friends who are not parties to the action. *See* Fed. R. Civ. P. 4(c)(2). Moreover, we note that Rule 4(d) of the Federal Rules of Civil Procedure permits him to request that each individual defendant waive formal service of process by mailing that defendant a written notice and request for waiver of service prior to attempting personal service, and if the defendant fails to waive service without good cause, the Court is required to impose on that defendant any expenses later incurred in making personal service and any reasonable expenses incurred in collecting those service expenses. *See* Fed. R. Civ. P. 4(d)(2). Nevertheless, there is nothing in the record before us to suggest that the plaintiff has made any good faith effort whatsoever to effectuate service of process or to request that the defendants waive formal service.

Accordingly, in the exercise of our discretion, we will deny the plaintiff's Rule 4(c)(3) motion for service by a United States marshal, deputy marshal, or some other person specially appointed by the Court, without prejudice.

An appropriate Order follows.

Dated: December __14__, 2018

JOSEPH F. SAPORITO, JR.
United States Magistrate Judge