## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL E. KEELING, #CV0908,

        Plaintiff,

        v.

MR. JOHN WETZEL, et al.,

        Defendants.

CIVIL ACTION NO. 1:18-cv-02195

(KANE, J.)
(SAPORITO, M.J.)

### ORDER

This is the plaintiff's second motion for service by a United States marshal, deputy marshal, or some other person specially appointed by the Court pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure. (Doc. 11).

On November 13, 2018, the court received and filed the plaintiff's *pro se* complaint asserting federal civil rights claims against twenty separate defendants, along with remittance of the requisite $400 filing and administrative fees. (Doc. 1). On November 20, 2018, noting that a summons had not yet been issued to the plaintiff in accordance with Rule 4(b) of the Federal Rules of Civil Procedure, we entered an Order directing the Clerk to issue a summons and provide it to the plaintiff for service of the complaint upon the twenty named defendants. (Doc. 5). The

Clerk issued a summons and mailed it and related forms to the plaintiff that same day. (Doc. 6).

On December 12, 2018, we received a letter-motion by the plaintiff expressing his confusion about the procedure for service of original process. (Doc. 8). He appeared to be under the mistaken impression that service was to be performed by the United States Marshals Service. (*Id.*).

We construed that letter-motion as a motion for service by a United States marshal, deputy marshal, or some other person specially appointed by the Court pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure, and we denied the motion. (Doc. 9). In doing so, we explained that it is the *plaintiff* who is responsible for having the summons and complaint served, and that Rule 4 only requires service by the United States Marshals Service in *in forma pauperis* and seamen's suits. This action is neither *in forma pauperis* nor a seaman's suit, so he is not entitled to service by the United States Marshals Service as a matter of course.

We further explained that the Court has discretion to order service by the United States Marshals Service. But the plaintiff here had not demonstrated any basis for us to exercise that discretion and order

service on his behalf. We noted that he had paid the full $400 filing and administrative fees to commence this suit, and thus he presumably had either the financial resources to retain a private process server or the assistance of family or friends who are not parties to the action. *See* Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old and not a party may serve a summons and complaint."). Moreover, we noted that Rule 4(d) permits him to request that each individual defendant waive formal service by mailing that defendant a written notice and request for waiver of service prior to attempting personal service, and if the defendant fails to waive service without good cause, the Court is required to impose on that defendant any expenses later incurred in making personal service. *See* Fed. R. Civ. P. 4(d)(2). Finally, we noted that there was nothing in the record before us to suggest that the plaintiff had made any good faith effort whatsoever to effectuate service of process or to request that the defendants waive formal service.

Now, we are presented with a second motion for service by a United States marshal, deputy marshal, or some other person specially appointed by the Court pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure. (Doc. 11). The plaintiff appears to continue to be under

the mistaken impression that the United States Marshals Service is responsible for service. He advises that, after multiple attempts to verify service by the United States Marshals Service, including several telephone calls by a family member, he has been unable to confirm when the marshals would complete service. He notes that the time limit imposed by Rule 4(m) will soon expire, and thus requests that we order the United States Marshals Service to effectuate service on or before March 20, 2019.[1]

Despite his personal difficulty understanding the procedure for service of process, the plaintiff has still failed to demonstrate any reason why he is incapable of effectuating service of the complaint, or obtaining waivers of service, on his own or with the assistance of family or friends. From the representations made in his motion, he does not appear to have run into any obstacle to perfecting service, but rather, he appears to have failed to move the matter forward himself, obstinately clinging to the misconception that service will be accomplished for him by the United States Marshals Service.

---

[1] Actually, the Rule 4(m) time period has already expired. The time limit for service was reduced from 120 days to 90 days in 2015. *See* Fed. R. Civ. P. 4(m) & advisory committee notes (2015).

We are reluctant to unnecessarily burden the already overburdened United States Marshals Service with this task when the plaintiff has failed to make any substantial attempt to accomplish it himself. We will deny the motion for service under Rule 4(c)(3), but grant the plaintiff an extension of time to serve the complaint. *See* Fed. R. Civ. P. 4(m).

We note that the process for requesting a waiver of service is set forth in clear and concise terms under Rule 4(d) of the Federal Rules of Civil Procedure, and all the necessary forms have been included as part of the summons packet provided by the Clerk. *See* Fed. R. Civ. P. 4(d)(1).[2]

---

[2] In pertinent part, Rule 4(d)(1) provides:

> The plaintiff may notify [an individual] defendant that an action has been commenced and request that the defendant waive service of a summons. The notice and request must:
>
> (A) be in writing and be addressed . . . to the individual defendant . . . ;
>
> (B) name the court where the complaint was filed;
>
> (C) be accompanied by a copy of the complaint, 2 copies of the waiver form [(Form AO 399)], and a prepaid means for returning the form;
>
> (D) inform the defendant, using [Form AO 398], of the consequences of waiving and not waiving service;
>
> (E) state the date when the request is sent;
>
> (F) give the defendant a reasonable time of at least 30 days after the request was sent . . . to return the waiver; and
>
> (G) be sent by first-class mail or other reliable

*(continued on next page)*

If any defendants refuse to waive formal service, the plaintiff may hire a private process server and file a motion for reimbursement of his expenses from the recalcitrant defendants. *See* Fed. R. Civ. P. 4(d)(2). Or he may seek the assistance of family or friends outside prison to assist him in effectuating service. *See* Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint."); Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old and not a party may serve a summons and complaint."); Fed. R. Civ. P. 4(e)(2) (authorizing service by "delivering a copy of the summons and of the complaint to the individual personally" or "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"); Fed. R. Civ. P. 4(e)(1) (authorizing service by following state law procedures); Pa. R. Civ. P. 402(a)(2)(iii) (authorizing service by "handing a copy . . . at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof").[3]

---

means.
Fed. R. Civ. P. 4(d)(1).

[3] *See, e.g., United States ex rel. Thomas v. Rundle,* 371 F. Supp. 252, 254 (E.D. Pa. 1974) (finding valid service upon corrections employee where plaintiff had summons and complaint delivered to records officer at correctional institution from which he had been recently transferred).

Accordingly, **IT IS HEREBY ORDERED THAT**:

1.   The plaintiff's second motion for service by a United States marshal, deputy marshal, or some other person specially appointed by the Court pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure (Doc. 11) is **DENIED**; and

2.   For good cause shown, the time for service of the summons and complaint upon the defendants is extended until **ninety (90) days** from the date of this Order.

Dated: March ___5___, 2019

JOSEPH F. SAPORITO, JR.
United States Magistrate Judge